# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAI MEDRANO,<br><br>    Plaintiffs,<br><br>v.<br><br>GREAT MERCANTILE AGENCY, INC.,<br><br>    Defendant. | Case No.: 1:17-cv-1392 - LJO - JLT<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DISMISSING THE ACTION<br><br>(Doc. 21) |

Sarai Medrano alleges that she owed a debt on a medical account. She contends Defendant Great Mercantile Agency, Inc., engaged in unlawful practices related to this debt and violated the Truth in Lending Act ("TILA"). (*See generally* Doc. 16) Plaintiff seeks the entry of default judgment against Defendant, as well as an award of attorney fees and costs. (Doc. 21)

The Court finds the matter is suitable for decision without oral arguments, and the motion is taken under submission pursuant to Local Rule 230(g). Accordingly, the hearing set for May 21, 2019 is **VACATED**. For the reasons set forth below, the Court recommends Plaintiff's motion for default judgment be **DENIED** and the First Amended Complaint be **DISMISSED** without leave to amend.

## I.    Procedural History

Plaintiff initiated this action by filing a complaint on October 16, 2017. (Doc. 1) Plaintiff asserted the defendant was liable for violations of the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act, the Truth in Lending Act, and its implementing

1

Regulation Z. (*See* Doc. 1) Defendant was served with the summons and complaint but failed to respond within the time frame prescribed by the Federal Rules of Civil Procedure. Upon application of Plaintiff, the Clerk of Court entered default against Defendant on December 19, 2017. (Docs. 5, 6)

On January 31, 2018, Plaintiff filed a motion for default judgment. (Doc. 8) Reviewing the allegations of the complaint and additional briefing provided by counsel, the Court determined the merits of Plaintiff's claims and the sufficiency of the complaint weighed against the entry of default judgment. (Doc. 13 at 3-8; Doc. 15 at 3-10) The Court found Plaintiff's claims under the Fair Debt Collection Practices Act and California's Rosenthal Act were not viable because Plaintiff failed to show "Defendant engaged in an act or omission prohibited" by either the FDCPA or Rosenthal Act. (Doc. 15 at 4; *see also id.* at 4-7) Likewise, the Court determined Plaintiff failed to state a cognizable claim for violations of the Truth in Lending Act because the facts alleged were not sufficient to support a conclusion that Defendant was a creditor as defined by TILA. (*Id.* at 9-10) However, because the Court found it "possible… that additional allegations about the nature of the payment plan Defendant offered and Defendant's role in offering the payment plan could cure the defects," Plaintiff was granted leave to amend her TILA claim. (*id.* at 10-11)

Plaintiff filed the First Amended Complaint on July 3, 2018. (Doc. 16) Defendant was served with the amended complaint, but again failed to respond. (Doc. 17) Plaintiff requested default be entered (Doc. 18) and the Clerk entered Default on September 19, 2018. (Doc. 19) Plaintiff filed the motion for default judgment now pending before the Court on March 29, 2019. (Doc. 21)

## II.     Applications for Default Judgment

The Federal Rules of Civil Procedure govern the entry of default judgment. After default is entered because "a party against whom a judgment for relief is sought has failed to plead or otherwise defend," the party seeking relief may apply to the court for a default judgment. Fed. R. Civ. P. 55(a)-(b). Upon the entry of default, well-pleaded factual allegations regarding liability are taken as true, but allegations regarding the amount of damages must be proven. *Pope v. United States*, 323 U.S. 1, 22 (1944); *see also Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). In addition, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not

established by default." *Cripps v. Life Ins. Co. of North Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

Entry of default judgment is within the discretion of the Court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The entry of default "does not automatically entitle the plaintiff to a court-ordered judgment. *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1174 (C.D. Cal 2002), *accord Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986). The Ninth Circuit determined:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). As a general rule, the issuance of default judgment is disfavored. *Id.* at 1472.

### **III.     Plaintiff's Allegations**

Plaintiff alleges that "[p]rior to April 4, 2017, [she] incurred a debt to Delano Ambulance," which "was incurred for personal family and household purposes." (Doc. 16 at 5, ¶¶ 16-17) She asserts that "upon information and belief, the Debt was acquired by Defendant," Grant Mercantile Agency, Inc. (*Id.*, ¶ 18)

She asserts that Defendant sent her a letter dated March 6, 2017 "demanding payment of the debt." (Doc. 16 at 6, ¶ 19) Specifically, the notice identified the debt owed to Delano Ambulance and indicates the total owed was $2,099.80, which included $1,753.44 for the principal and $346.36 in interest. (Doc. 16-1 at 2) In addition, the notice indicated there was not a service fee for the debt. (*Id.*) The notice further stated:

> You will please take notice that the above named creditor claims you are indebted as stated herein. Although duly demanded the sum has not been paid and you have failed to make good your obligation.
>
> As of the date of this letter you owe the total due listed. Because of interest and other charges that may vary from day to day, the amount due on the day you pay may be greater. We reserve the right to refuse partial payments on this account without prior approval from Grant Mercantile Agency.
>
> You can call our office to pay with a check over the phone from your personal checking account or your credit card.

> This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

(*Id.*) Further, the notice indicated Plaintiff could pay though Defendant's automated phone or online system. (*Id.*)

On April 4, 2017, Defendant issued a document entitled "Payment Request" to Plaintiff. (Doc. 16-2 at 2) The request identifies the debt to Delano Ambulance and indicated that the total owed by Plaintiff was $2,114.69, which included $361.25 in interest. (*Id.*) Plaintiff alleges she "entered into an agreement with Defendant, whereby [she] was allowed to defer payment of the Debt over thirteen payments." (Doc. 16 at 6, ¶ 22) Specifically, Plaintiff was directed to pay $150 each month, beginning on or before April 21, 2017. (Doc. 16-2 at 2) She was informed that "to stay eligible for payments, payments must be made on time or the balance [would be] immediately due in full." (*Id.*, emphasis omitted) Plaintiff alleges, "Upon information and belief, no party except for Defendant has ever allowed Plaintiff the right to defer payment of the Debt over time." (Doc. 16 at 6, ¶ 27)

She contends that by entering into a payment plan, "Defendant extended Plaintiff 'credit' as defined by 15 U.S.C. § 1602(f). (Doc. 16 at 6, ¶ 27) According to Plaintiff, the payment plan also "constituted a 'consumer credit transaction' within the ambit of 15 U.S.C. § 1638(a)." (*Id.*, ¶ 29) She contends Defendant failed to provide "a Truth in Lending Disclosure statement in connection with the payment plan," and failing to disclose a finance charge, the amount financed, the total of payments, and annual percentage rate. (*Id.* at 7-8, ¶¶ 36-40) Plaintiff alleges, "Because Defendant failed to provide Plaintiff a Truth in Lending disclosure statement she did not know the cost of the credit Defendant extended her." (*Id.* at 8, ¶ 41) Thus, Plaintiff contends Defendant is liable for a violation of the Truth in Lending Act, 15 U.S.C. § 1638(a) and Regulation Z, 12 C.F.R § 1026.18. (Doc. 16 at 8)

**IV.     Discussion and Analysis**

Applying the factors articulated by the Ninth Circuit in *Eitel*, the Court finds the factors weigh against granting Plaintiff's motion for default judgment.

**A.     Prejudice to Plaintiff**

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and potential prejudice to the plaintiff weighs in favor of granting a default judgment. *See*

*Pepsico, Inc.*, 238 F. Supp. 2d at 1177. Generally, where default has been entered against a defendant, a plaintiff has no other means by which to recover damages. *Id.*; *Moroccanoil, Inc. v. Allstate Beauty Prods.*, 847 F. Supp. 2d 1197, 1200-01 (C.D. Cal. 2012). Because Defendant has not responded to the complaint, Plaintiff would have no other means of recovery. Thus, this factor would support the entry of default judgment.

### B. Merits of Plaintiff's claims and the sufficiency of the complaint

Given the kinship of these factors, the Court considers the merits of Plaintiff's substantive claims and the sufficiency of the complaint together. *See Premier Pool Mgmt. Corp. v. Lusk*, 2012 U.S. Dist. LEXIS 63350, at *13 (E.D. Cal. May 4, 2012). The Ninth Circuit has suggested that, when combined, the factors require a plaintiff to "state a claim on which the plaintiff may recover." *Pepsico, Inc.*, 238 F. Supp. 2d at 1175. Notably, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007).

#### 1. Violation of TILA

The Truth in Lending Act is a consumer protection statute that aims to "avoid the uninformed use of credit." 15 U.S.C. §1601(a). TILA was enacted "to strengthen the 'informed use of credit' by requiring meaningful disclosure of credit terms to consumers." *McDonald v. Checks-N-Advance, Inc.*, 539 F.3d 1186, 1189 (9th Cir. 2008) (quoting 15 U.S.C. § 1601(a)). Section 1638(a) identifies disclosures creditors must make in credit transactions other than an open-end credit plan. *Id.* For example, a creditor must disclose an annual interest rate and any finance charge. 15 U.S.C. § 1638(a)(3); *see also Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights").

Congress delegated the task of "elaborat[ing] and expand[ing] the legal framework governing commerce in credit" to the Federal Reserve Board, which "executed its responsibility by promulgating Regulation Z.". *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 560 (1980). A disclosure violation under TILA triggers two potential remedies for a borrower: damages and rescission, 15 U.S.C. §§ 1635, 1640. Where a creditor has failed to comply with any requirement of the TILA, a consumer may "obtain actual or statutory damages." *McDonald*, 592 F.3d at 1190 (citing 15 U.S.C. § 1640(a)).

In her First Amended Complaint, Plaintiff alleges, "By entering into [a] payment plan, Defendant extended Plaintiff 'credit' as defined by 15 U.S.C. § 1620(f)." (Doc. 16 at 7, ¶ 34) She also asserts, "By entering into the payment plan, Defendant entered into a 'consumer credit transaction' with Plaintiff which required Defendant to provide Plaintiff a Truth in Lending disclosure statement." (*Id.*, ¶35) (citing *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 409 (3d Cir. 2000)) Thus, Plaintiff contends Defendant violated TILA through "failing to provide Plaintiff a Truth in Lending Disclosure statement" and failing to disclose the amount financed, the total payments, a finance charge, and a charge "expressed as an Annual Percentage Rate". (*Id.* at 7-8, ¶¶ 36-40, quotation marks omitted).

### 2. Whether Defendant was a "Creditor"

For Defendant to be liable under TILA, Plaintiff must establish that Defendant was a "creditor" within the meaning of the provision. In relevant part, TILA provides:

> The term "creditor" refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, *and* (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

15 U.S.C. §1602(g) (emphasis added).

Plaintiff relies on the Third Circuit's holding in *Pollice v. Nat'l Tax Funding, L.P* to support her assertion that Defendant is a creditor within the meaning of Section 1602(g). (*See* Doc. 16 at 7, ¶ 35) In *Pollice*, government entities sold claims for unpaid property taxes and bills to National Tax Funding ("NTF"), which was "in the business of purchasing such delinquent claims from municipalities in several states." *Id.*, 225 F.3d at 385. However, the government entities "retained the right to service the claims" and entered into a servicing agreement with Capital Asset Research Corporation. *Id.* at 385-86. Under the servicing agreements, Capital was directed "to collect the claims for the benefit of NFT," and was "required … to offer homeowners 'payment plans' [with] particular terms." *Id.* at 386. The plaintiffs alleged that NFT and Capital were liable for violations of the FDCPA and TILA. *See id.* at 387. The district court determined Capital was not a creditor under TILA and the holding was not challenged on appeal. *Id.* at 412, n. 38. Rather, the Third Circuit addressed only whether the assignee NFT was a "creditor" under TILA and did not consider whether Capital, the debt collector, was a

"creditor" within the meaning of the Act. *See id.* at 411-413.

Significantly, courts have repeatedly concluded that a debt collector is not a "creditor" subject to the requirements of the TILA. *See, e.g., Peters v. Fin. Recovery Servs.*, 46 F. Supp. 3d 915 (2014) ("Defendant does not fit within that definition and is not subject to TILA because Defendant is a debt collector and not the person to whom the debt was originally payable"); *Neff v. Capital Acquisitions & Mgmt. Co.*, 238 F. Supp.2d 986, 991 (N.D. Il. 2002) ("because defendants purchased delinquent accounts, i.e., debt on which defendants charged interest, and extended no credit privileges of their own, defendants are 'debt collectors' subject to the FDCPA, not 'creditors' subject to TILA"), *aff'd* 352 F.3d 1118 (7th Cir. 2003); *Kellar v. Fin. Recovery Servs., Inc.*, 2014 WL 129239, at *5 (D.N.D. Jan. 9, 2014) (finding TILA did not apply to debt collectors and could not be the basis of a claim).

Plaintiff alleges she "incurred a debt to Delano Ambulance," which was a creditor other than Defendant. (Doc. 16 at 5, ¶ 16) She also previously alleged Defendant "regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, [to] another." (*See* Doc. 1 at 8, ¶¶ 30, 33) (emphasis added) Plaintiff now alleges that "upon information and belief, [her] debt was acquired by Defendant." (Doc. 16 at 5, ¶ 18) However, she alleges no facts to support this belief, and as a result, the allegation is not sufficient to support her claim. *See Zatkin v. Primuth*, 551 F. Supp. 39, 42 (S.D. Cal. 1982) (an allegation made on information and belief is only sufficient when it is supported with "a statement of the facts upon which the belief is based"). Further, in the exhibits attached to the First Amended Complaint, Defendant notified Plaintiff that it was "was making "an attempt to collect a debt by a debt collector," for a debt due to Delano Ambulance (Doc. 16-1 at 1).

Based upon the lack of supporting allegations and the exhibits incorporated by reference into Plaintiff's First Amended Complaint, the Court finds Defendant was acting as a debt collector and was not the entity to which Plaintiff's debt was "initially payable" as required by TILA. Thus, Defendant was not subject to TILA.[1]

---

[1] Likewise, if Delano Ambulance assigned Plaintiff's debt to Defendant prior to its debt collection actions, Defendant is not subject to TILA. *See Vincent v. Money Store*, 736 F.3d 88 (2nd Cir. 2013) (holding the district court did not err in finding "an assignee of the plaintiffs' notes…[was] not the person to whom the debts were initially payable"); *see also Riviere v. Banner Chevrolet, Inc.,* 184 F.3d 457, 461 (5th Cir. 1999) (holding a car dealer to whom a loan was initially payable was the sole creditor for TILA purposes, even though the loan was immediately assigned to a financing company); *Robb v. Capital Acquisitions & Mgmt. Co*. 2002 WL 31654941, at *4 (N.D. Ill. Nov. 21, 2002),("because defendants

7

### C. Plaintiff's Failure to State a Claim

It is well-settled that a default judgment may not be entered on a complaint that fails to state a claim. *See, e.g., Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980) (affirming the district court's denial of default judgment where the plaintiff's claim lacked merit); *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 856 (9th Cir. 2007) (finding "the district court properly refused to grant default judgment" where the plaintiff's complaint did not set forth facts supporting the claims and instead offered only "legal conclusions" that were not admitted through default); *see also Reitz v. Adams*, 2015 WL 1346127, at *9 (D. Or. Mar. 23, 2015) ("because the court concluded that [the] First Amended Complaint fails to state a clam, there are no live claims for which the court may declare a default"). Accordingly, because Plaintiff has failed to state a claim, the Court recommends default judgment be **DENIED**.

### D. Dismissal without Leave

The Ninth Circuit has determined it is appropriate for a Court to dismiss a complaint without leave to amend where default judgment was requested and the plaintiff failed to state a claim. *See Aldabe*, 616 F.2d at 1094 (affirming the district court's decision "dismissing the action with prejudice on the ground that the complaint failed to state a claim upon which relief can be granted"). Given Plaintiff's failure to cure the deficiencies of her claim—despite awareness of the applicable legal standards and deficiencies of the prior pleading—the Court finds further leave to amend would be futile. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (a party's failure to cure factual deficiencies on amendment is "a strong indication that the [party] has no additional facts to plead" and "that any attempt to amend would be futile"); *see also Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where the plaintiff failed to correct deficiencies in complaint, where the court had afforded opportunities to do so and had discussed with plaintiff the substantive problems with his claims). Therefore, the Court recommends the TILA claim be **DISMISSED** without leave to amend.

///

---

purchased delinquent accounts, i.e., debt on which defendants charged interest, and extended no credit privileges of their own, defendants are "debt collectors" subject to the FDCPA, not "creditors" subject to TILA").

**V.   Findings and Recommendations**

Based upon the foregoing, the Court **RECOMMENDS**:

1. Plaintiff's motion for default judgment (Doc. 21) be **DENIED**;
2. Plaintiff's claim be **DISMISSED** without leave to amend; and
3. The Clerk of Court is **DIRECTED** to close the action, as this Order terminates the matter in its entirety.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, Plaintiff may file written objections. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **May 17, 2019**                          **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE